IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JENNIFER BRADLEY,<br>Plaintiff, | §<br>§<br>§ | |
| v. | § | No. 3:26-CV-2487-B-BW |
| HENRY SCHEIN ONE, LLC,<br>Defendant. | §<br>§<br>§ | Referred to U.S. Magistrate Judge[1] |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Based on the relevant filings and applicable law, the Court should **DISMISS** this civil action without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute and follow court orders.

## I. BACKGROUND

Jennifer Bradley, proceeding pro se, filed this employment action against her former employer, Henry Schein One, LLC. (*See* Dkt. No. 4.) Because Bradley seeks to proceed in forma pauperis ("IFP") in this case, her complaint is subject to preliminary screening under 28 U.S.C. § 1915(e)(2). (*See* Dkt. No. 5.) As part of its preliminary screening, on August 4, 2026, the Court ordered Bradley to complete and return a First Magistrate Judge's Questionnaire ("Questionnaire") within 21 days of the date of the order, i.e., by August 25, 2026. (*See* Dkt. No. 9.) In the Questionnaire, the Court notified Bradley that it perceived the facts set forth in her

[1] By Special Order No. 3-251, this pro se case has been automatically referred to the undersigned magistrate judge for judicial screening. (*See* Dkt. No. 2.)

complaint as inadequate in whole or in part to show that this Court was the most appropriate forum for this action and warned her that failure to file answers to the Questionnaire could result in the dismissal of her complaint for failure to prosecute. (*See id.*) Also on August 4, 2026, the Court entered a Notice of Judicial Screening and Order in which it ordered Bradley to register for electronic filing through the Court's electronic filing system (CM/ECF) within 21 days of the date of the order. (*See* Dkt. No. 8.)

It is now over six weeks past the expiration of the deadlines set forth in the August 4 Questionnaire and screening order, and Bradley has not filed answers to the Questionnaire, registered for electronic filing, or filed anything else since their issuance manifesting an intent to proceed with this action.

## II. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure "authorizes the district court to dismiss an action *sua sponte* for failure to prosecute or comply with [a Federal Rule of Civil Procedure or] a court order." *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Further, a court's authority under Rule 41(b) is not diluted merely because a party proceeds pro se, as "[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Wright v. LBA Hospitality*, 754 F. App'x 298, 300 (5th Cir. 2019).

A dismissal under Rule 41(b) is generally without prejudice. To the extent any of Bradley's claims may be barred by the applicable statute of limitations from being reasserted in a new lawsuit, however, a dismissal without prejudice under Rule 41(b) is tantamount to a dismissal with prejudice, so a heightened standard of review applies. *See Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992). Under this heightened standard of review, a court must find "at least one of three aggravating factors: '(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.'" *Id.* (citations omitted); *see also Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 441 (5th Cir. 2016).

Here, the heightened standard of review has been satisfied. Bradley has failed to respond to the Court's Questionnaire, which involves necessary steps in the advancement of this litigation, despite warnings that her complaint, as filed, was inadequate and that a failure to answer the Questionnaire could result in dismissal of his case for failure to prosecute. Since Bradley is representing herself, this delay and implied refusal to comply is attributable to her alone. *See Berry*, 975 F.2d at 1191. Further, it does not appear that a lesser sanction will prompt diligent prosecution of this case as Bradley also has failed to comply with the Court's August 4 order to register for electronic filing through the Court's electronic filing system and has taken

no action manifesting an intent to pursue this case since the date she filed this action.[2]

By not complying with the Court's August 4 Questionnaire and order, Bradley prevents this action from proceeding and has failed to prosecute this lawsuit. Accordingly, the Court should exercise its inherent power to prevent undue delays in the disposition of pending cases and dismiss this action without prejudice under Rule 41(b), even if an applicable statute of limitations may prevent re-litigation of any of Bradley's claims. *See Nottingham*, 837 F.3d at 441 (holding that the court did not abuse its discretion by applying the heightened standard of review under Rule 41(b) and dismissing pro se action due to the plaintiff's noncompliance with court orders).

## III. RECOMMENDATION

The Court should **DISMISS** this action without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute and follow court orders.

**SO RECOMMENDED** on October 7, 2026.

BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

[2] Despite Bradley's non-compliance, the Court notes that the 14-day period to file objections to this recommendation, detailed below, will provide Bradley an opportunity to comply with the Court's orders to complete the Questionnaire and register for electronic filing, and to show that this action should not be dismissed under Rule 41(b).

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).